**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1087
_____

UNITED STATES OF AMERICA

v.

JOHN CALABRO,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2-15-cr-00137-001)
District Judge: Honorable Nora B. Fischer

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 2, 2018

Before: CHAGARES, JORDAN, and VANASKIE, <u>Circuit Judges</u>.

(Filed: December 24, 2018)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Appellant John Calabro pled guilty to attempting to possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of ethylone, in violation of 21 U.S.C. §§ 841(a) and 846. He was sentenced to 60 months of imprisonment — a ten-month downward variance from his Guidelines range of 70 to 87 months. Calabro now appeals that sentence as both procedurally and substantively unreasonable. We review the procedural and substantive reasonableness of a sentence for abuse of discretion. United States v. Merced, 603 F.3d 203, 214 (3d Cir. 2010).[1] For the following reasons, we will affirm.[2]

Calabro argues that his sentence was procedurally unreasonable because the District Court "minimized" his mitigation evidence. Calabro Br. 26. This argument fails. To satisfy procedural reasonableness, a sentencing court must have "(1) correctly calculated the defendant's advisory Guidelines range; (2) appropriately considered any motions for a departure under the Guidelines; and (3) [given] meaningful consideration to the sentencing factors set forth in 18 U.S.C. § 3553(a)." United States v. Freeman, 763 F.3d 322, 335 (3d Cir. 2014). The District Court did just that. After properly calculating Calabro's Guidelines range and considering his motion for a departure, it

_____

[1] The parties dispute whether Calabro's lawyer sufficiently preserved his challenges to the procedural and substantive unreasonableness of the sentence, and thus whether we should review for plain error or abuse of discretion. We need not decide that issue because, under either standard, the District Court committed no error here. United States v. Fountain, 792 F.3d 310, 320 n.7 (3d Cir. 2015).

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

explicitly and thoroughly considered the circumstances and nature of Calabro's crime; his medical history, including his mental health and prior substance use and abuse; letters attesting to his character; the extent of his criminal history; his upbringing and family situation; his young age; his work history; the extent of his post-offense rehabilitation; his good deeds; and the extent of his remorse. The record thus contradicts Calabro's contention that the District Court failed to take into account Calabro's "family circumstances, mental health and substance use issues," Calabro Br. 28, and that it did not "evaluate the quality of mitigating evidence presented to it," United States v. Olhovsky, 562 F.3d 530, 552 (3d Cir. 2009). The sentence was procedurally reasonable.

Calabro also argues that his sentence was substantively unreasonable because the District Court did not downwardly vary his sentence to 37 months. This argument also fails. In evaluating substantive reasonableness, we consider "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)). And "we will affirm [the sentence] unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Id.

Here, the District Court considered, among many things, that Calabro had been convicted for ordering a large quantity of a dangerous drug — ethylone — over the internet from China. It further observed that Calabro, even after his indictment, continued to try to order more ethylone from his Chinese suppliers. The District Court

recognized that Calabro's criminal history consisted of "largely probationary sentences," but that they "were not enough to deter [him] in this particular instance." Appendix ("App.") 479. It acknowledged Calabro's "strong work ethic" and "charitable works," App. 485, and that Calabro had made some steps toward rehabilitation. But it also explained that Calabro's post-offense rehabilitation efforts were "a mixed bag," and included a new DUI conviction. App. 483.

The District Court carefully weighed the seriousness of Calabro's crime along with his age, upbringing, intelligence, criminal history, family history, medical history, charitable behavior, post-offense conduct, and remorse. And considering these circumstances, the District Court determined that a 60-month imprisonment term — a downward variance of ten months from the low-end of Calabro's Guidelines range — appropriately "addresse[d] the goals of punishment, rehabilitation, and deterrence in [his] case." App. 498. The District Court's refusal to grant an even larger downward variance was not substantively unreasonable. See United States v. Handerhan, 739 F.3d 114, 124 (3d Cir. 2014); United States v. Bungar, 478 F.3d 540, 546 (3d Cir. 2007) ("Nor do we find that a district court's failure to give mitigating factors the weight a defendant contends they deserve renders the sentence unreasonable.").

For the foregoing reasons, we will affirm the sentence imposed upon Calabro.